ZMH
By His Next Friend Regional Advocacy Group
650 Eddy Street Unit 207
San Francisco, CA 94109
Tel: (415) 567-8182
Fax: (415)567-8182
harrisonempa@gmail.com

FILED
JUN 26 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZMH,<br><br>**Plaintiff,**<br><br>vs.<br><br>WELLS FARGO BANK, ET L.<br><br>**Defendant** | Case No.: CV 19-3739 DMR<br>Initial Complaint<br><br>42 U.S.C. Section 1981<br>42 U.S.C. Section 1982<br>Civil Rights Act of 1964 Title VI Section 601 |

**JURISDICTION AND VENUE:**

Jurisdiction exists pursuant to 28 U.S.C. Section 1331 and 1334, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Constitutional Law "Declaratory Judgment Act, 28 U.S.C. Sections 1981;

**VENUE:**

Venue is proper in the Northern District in that the events and conduct complained of herein all occurred in the Northern District of California San Francisco Division.

**INTRADISTRICT ASSIGNMENT:**

The lawsuit should be assigned to San Francisco Division of this court because a substantial part of the events which given rise to this case has occurred in San Francisco.

## PRELIMINARY STATEMENT:

1. On June 7, 2019, at approximately 10:45 A.M. Plaintiff ZMH entered the Wells Fargo Bank, Ingleside District located at 1183 Ocean Ave, San Francisco, California, with his parent to make and enforce contractual services with Defendant Wells Fargo Bank, by depositing cash to his savings account and also by depositing $50.00 of Stagecoach Kids Savings Bucks to his Checking Account, and using the remainder of $60.00 worth of Stagecoach Kids Savings Bucks to purchase personal property, a plastic, Wells Fargo Stage Coach Bank.

2. Upon entering into the bank, ZMH and his parent was approached by Defendant Rosa Marible Cabrera, a Latino, Personal Banker who asked Plaintiff ZMH and his parent, while she was blocking the path to the tellers' line, "What do you want" [sic]. The parent of ZMH responded by saying and pointing to the people of another race who stood 15 to 20 feet ahead, already at the teller window, "Did you ask them that". Defendant then responded by saying "I don't want help you". Suddenly, a Latino male, who is of another race, of Plaintiff ZMH, entered the bank and Defendant Cabrera did not stop him, impede the path to the teller line, and did not ask his what he wanted, like she asked Plaintiff ZMH. The Parent of ZMH then requested to see the branch manager, the branch manager came from behind the counter, and when the Parent of ZMH told the branch manager what the personal banker said to her and Plaintiff ZMH, while blocking the path to the teller line, the branch manager said I'm refusing services to you both! get out. Plaintiff ZMH ran out of the bank crying, and suddenly disappeared from the branch location. "As long as Negro Citizen who wants to buy/rent home can be turned away simply because he is not white, he cannot be said to enjoy same right granted

by Federal Statute, as is enjoyed by white citizens to purchase and lease real and personal property." Jones v. Alfred H. Mayer Co. 392 U.S. 409.

3.  The discriminatory actions conducted by the defendants were offensive, egregious and humiliating to Plaintiff ZMH and his parent. As a result, Plaintiff ZMH has sustained an injruy in fact, psychological and emotional injuries resulting from Wells Fargo Bank's discriminatory policy. Plaintiff ZMH suffers from emotional distress due to being denied contractual services to his savings, checking account and contracting personal property with defendant because of his race. The defendants' actions violated Plaintiff ZMH's right to make and enforce contractual services to his Wells Fargo Savings and Checking, as well as to procure personal property. The defendants also violated ZMH 'right to make and enforce a contract with Wells Fargo Bank, as a result of racial discrimination, and treating him differently then similarly-situated individuals of another protected characteristic than Plaintiff ZMH. Plaintiff ZMH is a member of a racial minority, he was qualified to purchase the personal property, he was rejected, and the opportunity remained available thereafter. While Section 1981 applies to both public and "purely private acts of racial discrimination, it reaches only purposeful discrimination. "Nat'l Ass'n of African Am. Owned Media v. Charter Commc'ns, Inc., 915 F.3d 617, 622 (9th Cir. 2019).

4.  A Latino male conducting a banking transaction at the teller window 15 to 25 feet away from where the incident occurred, turned around and told the branch manager I saw everything, here take my card, what do you want me to say". When suddenly, the male Latino exiting the teller window, accompany by another Latino male, said "you broke ass nigga, I'll slap you in the face with all of theses hundred dollar bills you'll never have" [sic]. The Latino Males then exited the bank, threating to attack the Parent of ZMH, while all of the bank tellers who were Latino, and the branch manager who was Indian, cheered them on. Plaintiff ZMH Parent told the

branch manager, you made that Latino man attack me, the branch manager Anureet Uppal, who was Indian, responded by saying "he's not Latino, he's Arab, his last name is something like Muhammad." [sic]. The Defendants' actions were intentional and motivated by evil motive and intent and involved reckless and callous indifference to the federally protected rights of the Plaintiff. Smith v. Wade, 461 U.S. 30, 56 (1983). 42 U.S.C. Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship. Section 1981(b) reached both public and private acts of racial discrimination. Section 1981 prohibits racial discrimination in making and enforcement of private contracts. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 475 (2006). Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 475 (2006).

5.   Plaintiff ZMH is a member of a protected class, he attempted to contract for certain services, he was denied the right to contract for those services, and such services remained available to similarly-situated individuals who were not members of the Plaintiff; s protected class. Plaintiff ZMH is a member of a racial minority, he was qualified to purchase certain personal property, he was rejected, and the purchase of personal property remained available thereafter.

## THE PARTIES:

6.   The Plaintiff ZMH is Negron, black 95% West African, United States Slave Defendant who is a minor, a pediatric pulmonary, and heart patient of University of California, and who has had heart surgery in 2007. The Defendants are Wells Fargo Bank, Branch Manager Anureet Uppal, and Personal Banker Rosa Maribel Cabrera, and Erik Tafolla Teller, who are all Latino and Indian. Defendant Wells Fargo Bank is part of a program or activity receiving federal financial assistance, within the meaning of Title VI.

7.  Plaintiff ZMH is a member of a protected class, he attempted to contract for banking services to his Wells Fargo Bank Savings and Checking Account, he was denied the right to contract for those services, and such services remained available to similarly-situated individuals who were not members of Plaintiff ZMH's Protected class.

## CLAIMS:

**CLAIM 1:**

**CAUSE OF ACTION:** DENIED OPPORTUNITY TO MAKE AND ENFORCE CONTACT

**First Claim for Relief:**

**42 U.S.C. Section 1981**

**On June 7, 2019,**

By defendant stopping and asking Plaintiff ZMH what he want, and blocking the path to the teller line, and saying, "I don't want help you" and not stopping and asking the similarly-situated individual, bank patron of another protected class the same question, defendant violated 42 U.S.C. Section 1981 right to make and enforce a contract.

**CLAIM 2:**

**CAUSE OF ACTION:** DENIED OPPORTUNITY TO MAKE AND ENFORCE CONTACT

**Second Claim for Relief:**

**42 U.S.C. Section 1981**

**On June 7, 2019**

By Defendant telling Plaintiff ZHM to get out, he could make a deposit to his Wells Fargo Saving Account, as a result of intentional racial discrimination, defendant denied Plaintiff ZMH

contractual services to his savings, checking account, and to contract services using his Stagecoach Kids Savings Bucks, when those services were made available to similarly-situated individuals who were not members of Plaintiff ZMH's protected class. There is a nexus between the harm and the discriminatory conduct, since defendants intentionally treated Plaintiff ZMH, a member of a protected class differently then similarly situated individuals who were not members of Plaintiff ZMH's protected class. It "reaches purposeful discrimination" National Assn. of African Am. Owned Media v. Chamber Commerce, Inc. 915 F3d 617, 622 (9th Cir. 2019).

**CLAIM 3:**

**CAUSE OF ACTION: VIOLATION OF Civil Rights Act of 1964 Title VI Section 601**

**Third Claim for Relief:**

**On June 7, 2019**

By defendants refusing Plaintiff ZMH the right to contract, and the right to enter the bank to make and enforce a contract with Wells Fargo Bank based on Plaintiff ZMH's race and color, defendants violated the Civil Rights Act of 1964 Title Vi Section 601. Whereas, Defendant Wells Fargo Bank is part of a program or activity receiving federal financial assistance within the meaning of Title Vi.

**CLAIM 4:**

**CAUSE OF ACTION:** DENIED OPPORTUNITY TO MAKE AND ENFORCE CONTACT

**Forth Claim for Relief:**

**42 U.S.C. Section 1981**

**On June 7, 2019**

By Defendant telling Plaintiff ZHM to get out, he could make a deposit to his Wells Fargo Saving Account, as a result of intentional racial discrimination, defendant denied Plaintiff ZMH contractual services to his savings, checking account, and to contract services using his Stagecoach Kids Savings Bucks, when those services were made available to similarly-situated individuals who were not members of Plaintiff ZMH's protected class.  There is a nexus between the harm and the discriminatory conduct, since defendants intentionally treated Plaintiff ZMH, a member of a protected class differently then similarly situated individuals who were not members of Plaintiff ZMH's protected class.  It "reaches purposeful discrimination" National Assn. of African Am. Owned Media v. Chamber Commerce, Inc. 915 F3d 617, 622 (9th Cir. 2019).

**ISSUE STATEMENTS:**

**ISSUE #1**

     Under 42 U.S.C. Section 1981, can Wells Fargo Bank, or its agents refuse Plaintiff ZMH the right to make and enforce a contract to his savings, checkings account and to procure personal property contract because he is Negro black?

**ISSUE #2**

Under 42 U.S.C. Section 1981, can Wells Fargo Bank, or its agents refuse Plaintiff ZMH the right to enter the bank and approach the teller window to make and enforce a contract to his savings, checking account and to make and enforce contract for personal property because he Negro, black?

**ISSUE #3**

Under the Civil Rights Act Title VI Section 601, can Wells Fargo Bank or its agent refuse entry into Wells Fargo Bank to Plaintiff ZMH to make and enforce a contract to his savings, checkings account and purchase of personal property while Defendant Wells Fargo Bank is a part of a program or activity receiving federal financial assistance in the meaning of Title VI?

**ISSUE #4**

Under 42 U.S.C. Section 1982, can Wells Fargo Bank or it's agents treat Plaintiff ZMH differently then similarly-situated individuals who were not members of Plaintiff ZMH's protected class in making and enforcing contract of personal property with Wells Fargo Bank?

**REMEDIES:**

A plaintiff who establishes liability for deprivation of constitutional rights actionable under 42 U.S.C. Sections 1981; is entitled to recover compensatory and punitive damages for all injuries suffered as a consequence of those deprivations. Defendants is vicariously liable for the act of its agent engaging in discriminatory conduct. Holley v. Crank, 400 F. ed 667, 674-675 (9th cir. 2004). A favorable award of 15 million dollars will allow Plaintiff ZMH to recover from the injuries he sustained and put him in a position he would have been in if not for the intentional discriminatory actions of the defendants. Compensatory damages may include emotional distress and humiliation

as-well-as out-of-pocket costs. Johnson v. Railway Express Agency 421, U.S. 454, 460 (1975), 42 U.S.C.

Section 1981 prohibits race discrimination in the making and enforcing of contract. McDonald v. Santa fe Trail Transp. Co 427, U.S. Patterson v. McLean Credit Union, 491 U.S. 164 (1989). 42 U.S.C. Section 1981 regulated private as well as government action to make and enforce contracts. All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, to be parties give evidence, and to the full and equal benefit. Jones v. Alfred H. Mayer Co, 392 U.S. 409 (1968).

**INJURIES:**

As a direct result of Wells Fargo Bank's discriminatory established customer service rules, policies and procedures, while receiving federal financial assistance, and using those funds to finance their programs and activities, Plaintiff ZMH has Palpable injury, and injury in face and sustained emotional, psychological, imminent and actual injuries, as well as sustained Statutory Damages, Foreseeable Distress Damages, Foreseeable Damages Expenses of Litigation, Unforeseeable Harm Damages Expenses (Proximate Cause), and Unforeseeable Har Section 31 of Restatement of the Law Third Torts: Liability for Physical and Emotional Harm. The Plaintiff Pray that this Court Awards him $10,000,000.00.

Dated: 6-23-19          ZMH

                        By _____
Dated: 6-23-19          Regan Com Adrun Group
                        By Patrina Harrison






